1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN CARLOS CALDERON,                    Case No.  2:23-cv-01973-JDP (PC)

12                  Plaintiff,                SCREENING ORDER FINDING THAT
                                              THE COMPLAINT FAILS TO STATE A
13          v.                                COGNIZABLE CLAIM AND
                                              RECOMMENDING THAT THIS ACTION
14   P. COVELLO, *et al.*,                    BE DISMISSED

15                  Defendants.               ECF No. 1

16                                            ORDER GRANTING PLAINTIFF'S
                                              MOTION TO PROCEED IN FORMA
17                                            PAUPERIS AND DENYING HIS MOTION
                                              FOR RELIEF
18
                                              ECF No. 2
19
                                              FINDINGS AND RECOMMENDATIONS
20                                            THAT PLAINTIFF'S MOTION FOR
                                              INJUNCTIVE RELIEF AND MOTION FOR
21                                            RELIEF BE DENIED

22
                                              ECF Nos. 10, 11, 12, 13, & 14
23

24

25          Plaintiff, a state prisoner at Mule Creek State Prison, brings this action requesting that the

26   court order his deportation or transfer to Mexico.  ECF No. 1 at 8.  Plaintiff seeks relief outside

27   the scope of that authorized under section 1983, and I will recommend that this case be dismissed

28   on that basis.  I will so also grant his application to proceed *in forma pauperis*, ECF No. 2,

                                              1

1  recommend that plaintiff's motion for preliminary injunctive relief be denied, ECF No. 10, and

2  deny plaintiff's motion for relief, ECF No. 11.

3  **Screening Order**

4  **I.     Screening and Pleading Requirements**

5        A federal court must screen a prisoner's complaint that seeks relief against a governmental

6  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

7  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

8  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

9  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

10        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

11  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

12  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

13  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

14  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

15  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

16  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

17  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

18  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

19  n.2 (9th Cir. 2006) (en banc) (citations omitted).

20        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

21  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

22  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

23  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

24  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

25  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

26  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

27

28

2

## II.      Analysis

As noted above, plaintiff's requested relief in this case is deportation or transfer from custody of the California Department of Corrections and Rehabilitation to Mexico.  ECF No. 1 at 8.  Prisoners cannot challenge the fact or duration of their confinement in a section 1983 action; such a challenge must be brought in a habeas petition.  *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (noting that the Supreme Court has concluded that "a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement . . . .") (internal quotation marks omitted).  And, although the challenge in this case is unique insofar as plaintiff does not seek a typical release or invalidation of conviction, he is effectively requesting release from the custody of the state and transfer to a different nation.  For this court to order plaintiff's transfer or deportation to Mexico would usurp powers reserved to the executive branch of government.  *See United States v. Flores-Uribe*, 106 F.3d 1485, 1487-88 (9th Cir. 1987).  If plaintiff wishes to challenge the validity of his continued confinement in the CDCR, the only avenue available to him is a habeas petition.[1]  I decline, however, to convert this action to a habeas petition because plaintiff has indicated that he has already filed other habeas petitions attacking his conviction. ECF No. 1 at 9.

Given that plaintiff cannot succeed in this case, I necessarily recommend that his motion for preliminary injunctive relief be denied.  *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").  I also recommend denying plaintiff's remaining motions for relief as moot in light of the complaint's dismissal. ECF Nos. 10, 11, 12, 13, & 14.

Accordingly, it is ORDERED that:

1.   Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

---

[1] The complaint contains other allegations of mistreatment in CDCR custody.  ECF No. 1 at 10-11.  These allegations do not appear to be offered as separate claims, but rather as justifications for the requested transfer to Mexico.  If that is incorrect, plaintiff may state as much in his objections.

3

1      2.  The Clerk of Court is directed to assign a district judge to this action.

2      Further, it is RECOMMENDED that:

3      1.      The complaint, ECF No. 1, be DISMISSED without leave to amend for failure to

4  state a viable claim under section 1983.

5      2.      Plaintiff's remaining motions, ECF Nos. 10, 11, 12, 13, & 14, be DENIED.

6      These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11 objections shall be served and filed within fourteen days after service of the objections.  The

12 parties are advised that failure to file objections within the specified time may waive the right to

13 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

14 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15

16 IT IS SO ORDERED.

17

18 Dated:    November 30, 2023                        _____

19                                                    JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

4